1821.

SEAVING
v.
BRINKER-
HOFF.

SEAVING and MEAD *against* BRINKERHOFF and others.

The " act to prevent abuses in the practice of the law," &c. passed *April* 21st, 1818, (sess. 41. ch. 259. sec. 8.) is not to be extended by construction.

A judgment entered up by confession on a warrant of attorney, without any *specification* of the particulars of the debt being filed, is good as against the debtor himself, and is to be deemed fraudulent, only as respects other *bona fide* judgment creditors, and *bona fide* *purchasers* for a valuable consideration, that is, *purchasers*, in the usual and popular sense of the term, as distinguished from creditors.

A voluntary conveyance, therefore, made by a debtor, of his real estate, on a nominal consideration, in *trust*, to sell the same, and out of the proceeds to pay all his creditors who should come in and prove their debts and execute releases of their demands, is not entitled to a preference over a previous judgment entered up by confession, but without the *specification* required by the statute.

THE bill, filed *May* 22, 1821, stated, that on the 22d day of *September*, 1820, *J.* and *Z. Taylor* executed and delivered to the plaintiffs, a deed which recited that they were indebted to several persons in a large sum of money, which they were unable to pay, " by reason of the unsaleableness of their real estate, at present, without a very great sacrifice," and that they were willing to do equal justice to all their creditors, as far as might be in their power ; they, therefore, in consideration of one dollar, granted to the plaintiffs, their real estate therein described, in fee, in *trust*, to sell the same at public or private sale, and in such parcels, and at such prices, and upon " such terms of payment, and to take such security, as they should deem most beneficial for the interest of the creditors ; and that they should apply the proceeds towards payment of all their debts, " which should be proved, to the satisfaction of the plaintiffs, to be justly due and owing, in proportion to the amount of

*July 10th.*

1821.

SEAVING
.v . .
BRINKER-
HOFF.

such debts :" But upon the condition, that each creditor to whom such payments should be made, " should seal and deliver a full and complete discharge of this demand." The plaintiffs then covenanted " to account for the overplus moneys to the grantors." That at the time of the execu-tion of the deed, the plaintiff S. was holden as endorser of a promissory note, dated 16th *December*, 1819, for 6,000 dollars, payable in six months, and which note was made for the sole accommodation of *J.* and *Z. T.* and was by them negotiated. That the note was due and unpaid, and the plaintiff S. duly fixed as endorser, and had been sued. That *J.* and *Z. T.*, previous to the 28th of *November*, 1819, executed to the defendants a bond for 43,954 dollars, and a warrant of attorney to confess judgment; and on that day a judgment was entered on the bond. That the defendants did not file a *specification* of the nature and consideration of the debt, within the meaning of the act, entitled an act to " prevent abuses in the practice of the law, and to regulate costs in certain cases," *passed April* 21, 1818 ; and no such particular statement and specifica-tion was filed until after the execution and delivery of the said deed. That the defendants, on the 18th of *August*, 1820, issued an execution on this judgment, and the sheriff had levied upon the land so conveyed to the plaintiffs. That the defendants stipulated with *J.* and *Z. T.*, that they could not issue execution for seven years, if *J.* and *Z. T.* requested that length of time to enable them to settle with their creditors. That such request has been made and dis-regarded. *Prayer*, that the defendants be enjoined from selling, and be decreed to release their interest to the land under the judgment, &c.

The answer (filed *May* 22d, 1821) stated the origin and amount of the debt of the defendants, against *J.* and *Z. T.* the judgment bond, and the judgment as charged ; and the defendants insisted, that the original specification was legal

and valid, and that their judgment was a valid lien, and had preference to the deed given to the plaintiffs. That they knew nothing of that deed; and they charged *J.* and *Z. T.* with fraud, and denied any promise to delay execution, &c.

*T. I. Oakley,* for the defendants, now moved to dissolve the injunction, and insisted that the deed to the plaintiff was not a *bona fide* conveyance within the statute. He cited 14 *Johns. Rep.* 458. 15 *Johns. Rep.* 555.

*Paine,* contra. He cited 1 *Binney,* 502. *Prec. in Ch.* 310. 2 *Johns. Ch. Rep.* 182. 5 *Term Rep.* 238. 15 *Johns. Rep.* 571. 2 *Binney,* 174. 3 *Esp. N. P. Rep.* 228.

THE CHANCELLOR. The judgment without a specification was good, as against the debtor, and a lien upon his lands. When the statute (21st of *April,* 1818, *ch.* 259. *sec.* 8.) says, " such judgment shall be deemed fraudulent as respects any other *bona fide* judgment creditors, and every *bona fide* purchaser for a valuable consideration," it refers, as I apprehend, to purchasers taking beneficially, and for a valuable consideration, on their own account. It did not mean that the debtor might make, in despite of the judgment, voluntary assignments for his own benefit, or to prevent his property from being sold on execution, or to pay particular or favourite creditors. The only creditors mentioned in the act are *judgment creditors.* *Purchasers* are there mentioned, in contradistinction to creditors, and the word is used in the common and popular sense. The plaintiffs in this case were not purchasers, in the sense of that act, for a *valuable* consideration. They paid no valuable consideration. It was a voluntary conveyance in trust for creditors, generally ; and the statute defines the particular class of creditors who were to have preference over such a defective judgment ; and those for whose benefit the conveyance was made and intended in

*margin notes:*

1821.

SEAVING v. BRINKERHOFF.

A judgment entered on a warrant of attorney, without a *specification*, is good against the debtor; and is void only under the statute, against judgment creditors, and *purchasers* for a valuable consideration, in the popular sense of the term.

1821.

SEAVING
v.
BRINKER-
HOFF.

this case, were not of that description. Though judgment creditors might be included in the general description of creditors; yet that class was not the particular object of the deed, nor did they stand in need of such a provision, for their rights rested upon a better basis. The act ought not to be extended by construction; and the ordinary lien of the judgment creditor, who might happen, through inadvertence, or through the error of counsel, to omit as particular a specification as the act required, ought not to be impaired, except in favour of those particular persons who can bring themselves, clearly and strictly, within the letter, and within the meaning and policy of the exception.

The particular provision in the deed, that the creditors were not to be paid in proportion, &c., unless they should execute and deliver a complete discharge of their demands, was in this case rigorous, coercive, and unjust, for the deed only assigned the real property therein specified. It did not extend to all the property, real and personal, of the grantors, and *non constat*, they had no other property. They might have had other and sufficient property, both real and personal. The land in question might not pay one fourth of the respective debts, and yet the creditors were not entitled to receive a cent, unless they relinquished the residue of their debts. The condition was oppressive, and without any colour of justice in this case, inasmuch as the assignment was not general of all the property, but only of a specified part. A partial assignment upon such a condition is pernicious in its tendency, if it be not (as I rather apprehend it to be) fraudulent in its design.

*A conveyance by a debtor of certain lands, in trust for all his creditors who should come in and release their demands, is fraudulent.*

The deed likewise authorized the trustees to sell the property forthwith, in their discretion, and turn the land into money; and if the creditors would not accept of their rateable payments upon the condition imposed, the moneys were to be held in trust for the grantors. By this means the defendants might lose their lien upon the land, as against the debtor, and it might become converted into money, to

be placed at his disposal. Such a consequence could not be endured, and yet it flows naturally from the provision in the deed. A power of coercion over the creditor, with the reservation of such a resulting trust to the grantor in case the coercion should not be successful, was deemed by the Supreme Court, in *Hyslop* v. *Clark*, (14 *Johns. Rep.* 458.) to be a badge of fraud, and not a fair and lawful assignment.

I am, accordingly, of opinion, that the deed in question is not entitled to be preferred to the judgment lien of the defendants, and that the motion to dissolve the injunction ought to be granted.

Injunction dissolved.