By the Court, Bronson, J.
No one can fail to see that the assignment was a fraud upon such of the creditors of Henry Goodrich as were not provided for by that instrument. After Dygert had recovered a judgment, and within the thirty days stay of execution provided for by law, the judgment debtor, being insolvent, assigned nearly all his property to his son, in trust to pay four of his creditors, and to pay over the surplus, if any, to the assignor. But without laying any stress upon the circumstances under which the assignment was made, or the relationship between the parties to the instrument, it is still a plain case of an attempt by an insolvent debtor to put his property beyond the reach of legal process, and at the same time to secure a portion of it for his own benefit. ' It is just such a transaction as all the courts of this state have condemned as a palpable fraud upon creditors. They have gone still further, and held that although the debtor reserves no portion of the property for his own use, still if he creates a trust which is to operate by way of coercing the creditors into a relinquishment of a part of their demands, the transaction will be utterly void. He may prefer one creditor, or set of creditors, to another. But if he secures any thing to himself before all the debts are paid, or attempts to extort any thing from the creditors as a condition to their receiving the property, the transaction cannot be supported. The courts have found great difficulty in upholding assignments which give a preference among creditors; and such transfers have only been allowed to stand where the debtor makes an unconditional surrender of his effects for the benefit of those to whom they rightfully belong. (Hyslop v. Clark, 14 Johns. 458; Searing v. Brinkerhoff, 5 Johns. Ch. 329 ; Austin v. Bell, 20 Johns. 442; Mackie v. Cairns, 5 Cowen, 547; Grover v. Wakeman, 11 Wend. 187.) I know it was held in Murray v. Riggs, (15 Johns. 571,) that the reservation of an annual sum for the maintenance of the assignors did not render *440 the deed absolutely void. But that case stands upon no principle, and it has befen plainly overruled by those which have followed it.(a) To say that an insolvent debtor can put any portion of his property, not exempt by law, beyond the reach of creditors, for his own benefit, is a monstrous proposition. In the language of Chief Justice Savage in Mackie v. Cairns, (5 Cowen, 584,) “ it offends the moral sense; it shocks the conscience, and produces an exclamation. It is directly against the statute, and cannot stand before it.” And the court for the correction of errors agreed with him in opinion. The whole subject was again reviewed by the same court in Grover v. Wakeman, (11 Wend. 187,) where it was held, that although the debtor may by an assignment of his effects give a preference among creditors, it can only be done where the assignor parts with all control over the property, and devotes it absolutely to the benefit of his creditors, without any reservation or stipulation for his own advantage. Such must be the law wherever the least regard is paid to honesty and fair dealing.
The cases which have been mentioned also hold, that where a deed is void in part as being contrary to a statute, it is void in toto. Now here, the legislature have not only declared that every conveyance made with intent to hinder, delay or defraud creditors shall be void; but they have added, that every conveyance of goods &c., in trust for the use of the person making it, shall be void as against creditors. (2 JR. JS. 137, § 1, and p. 135, § 1.) So far as relates to the surplus after paying" the preferred creditors, the case falls within both branches of the statute; and the deed being void in part, the whole instrument must fall to the ground.
It is said that there will be no surplus for the debtor after paying the four creditors who are provided for by the assignment, and consequently that the deed may stand. The parties to the assignment, after having expressly provided for a surplus, are not at liberty to say that such a state of things was not contemplated at the time the conveyance was made. They are estopped *441 by the deed to deny it. And besides, the case does not turn upon the contingency of how much or how little the property may bring; but upon the nature of the transaction. A creditor is before us, with his judgment and execution, contesting the validity of the assignment. And when we look at the instrument, we see that the debtor has attempted to put his property beyond the reach of legal process, upon certain trusts, one of which is for his own benefit. This illegal trust is expressly declared by the deed. We see it on the face of the instrument, and no proof of extrinsic facts can obviate the difficulty. A1-. though the other trusts, if they stood alone, might be supported, the illegal trust vitiates all the rest. All the books agree that where any part of the deed is contrary to a statute, the whole instrument will be void. Ithasneverbeenthoughtamatter of any importance that the property was not more than sufficient to satisfy the legal trusts. In Grover v. Wakeman, (11 Wend. 187,) the whole assignment was declared void, because it was made a condition that the second class of creditors should receive their proportion of the assigned property, if there was any thing for them, in full discharge of-their debts. And yet it distinctly appeared that.there was not sufficient property to pay the preferred creditors of the first class. In that case, as well as in this, the trust for the preferred creditors, when taken by itself, was valid: and in that case, as in this, the property was not sufficient to satisfy the valid trusts. And yet on account of the illegal trust, the whole instrument was adjudged to be void. The precise question which the. plaintiff now makes was decided against him in that case. Judge Sutherland, who delivered the prevailing opinion, commenced with the inquiry whether the assignment was not void upon its face; and he very justly concluded that as one of the trusts was contrary to law, the whole conveyance must fall. Until the court of errors is prepared to retrace its steps, this question must be regarded as finally settled.
The only remaining inquiry is, whether the judge should not have left the case to the jury, instead of nonsuiting the plaintiff. It would be strange indeed if there was any thing for the jury *442 to pass upon when the court see that the deed is void upon its face. But it is said that the recent decisions of the court of errors, in relation to fraudulent mortgages of personal property, have made this a question of fact for the jury. That is a mistake. ' Those are decisions under a statute which declares void every conveyance made with the intent to hinder, delay or defraud creditors. There is an additional section which declares, that the conveyance shall he presumed fraudulent and void as against creditors, where there is no change of possession. Under this section we have supposed that without a change of possession the conveyance was void in law, and that there was no question for the jury. But the court of errors has taken a different view of the matter, and held that it was still a question of intent, and must therefore be passed upon by the jury. Within those decisions the nonsuit would be wrong if this case turned upon the fraudulent intent with which the assignment was made.(a) But there is another statute which provides, that all conveyances of goods, chattels, or things in action, made in trust for the use of. the person making the same, shall be void as against the creditors of such person. (2 R. S. 185, § 1.) There is nothing here about the intent with which the deed was made, and. neither court nor jury has any thing to do with that question. Every one must see that a conveyance of property made in trust for the use of the grantor, is in itself a fraud upon creditors, and the legislature has therefore declared the conveyance void, without any qualification whatever. As there was nothing in the case but a naked question of law arising upon-the face of the deed, the judge was clearly right in ordering a nonsuit.
New trial denied.

 See Butler v. Van Wyck, (1 Hill, 463.)

 See Vance v. Phillips, (ante, p. 433.)