## PLATT v. HEDGE & Co.

Instruments of writing, conveying property to creditors, to secure the payment of money advanced, are but assignments to creditors; and where they do not definitely specify the sum due, parol evidence is admissible to show the true amount of the debts.

In an action on an open account, in the name of an assignee, where the assignment is *bona fide*, and without recourse, and where no set-off or cross claim against the assignor is pleaded, the assignor is a competent witness to prove the account.

Where it is assigned for error that improper evidence was admitted, and it appears from the record that the evidence complained of was admitted, in connection with other testimony, which is not set out in the record' the appellate court cannot determine whether or not there was error.

*Appeal from the Des Moines District Court.*

SATURDAY, APRIL 23.

THE firm of Platt & Bailey, dealers in hogs, pork, &c., held a large account against T. Hedge & Co., to be referred to hereafter, which they assigned in writing to B. C. Platt, the plaintiff, with the restriction, " without recourse to us."

Upon this account, B. C. Platt, as assignee, sued Hedge & Co., claiming the sum of $28,402 65, for hogs, money, and drafts for money, for money had and received upon pork, sold by them for said Hedge & Co., and for other money had and received to their use, and on account stated.

The answer, *first*, denies the allegations of the petition, generally; *Second*. Denies the receipt of certain moneys and drafts specified in the petition, and avers that the hogs and pork received, were received on account of Hedge & Co., and were disposed of by their order, and accounted for before the said assignment, or notice of it; *Third*. Denies the assignment of the said account; *Fourth*. Avers payment for all hogs and pork, and for all moneys and drafts received; *Fifth*. Avers that Platt & Bailey, being indebted to divers persons in a large sum of money, namely—to de-

fendants, to C. S. Bissell, of Chicago, and to Wright & Looser, of New York, in order to secure and pay them, assigned to defendants all the hogs, pork and personal property, in possession of Schenck & Denise, on the 6th of February, 1856, and also, a drove of hogs purchased of one Foster, which are the same hogs and pork mentioned in the petition, all which was before the alleged assignment, or notice thereof.

The verdict and judgment were for the defendant. . The plaintiff excepted, and appeals.

*Browning & Tracy*, for the appellant.

*C. J. & B. J. Hall*, for the appellees.

WOODWARD, J.—The questions made, arise upon the admission and rejection of evidence.

Upon the trial, the plaintiff sought to introduce as a witness, James Platt, one of the firm of Platt & Bailey, the assignors of the plaintiff. This firm, on the 6th of February, 1856, made a bill of sale to Hedge & Co., to the following effect, the terms of which become of some importance : It recites that, whereas P. & B. are indebted to Hedge & Co., in the sum of about twelve hundred dollars, being for the money paid on the purchase of the hogs hereinafter described ; and whereas, they (P. & B.) are indebted to C. Foster in the sum of about six thousand dollars, being for money paid on the purchase of said hogs ; now, for the purpose of securing to said Hedge & Co., and said Foster, the amount aforesaid, with interest, to-wit : the full amount due them, they (P. & B.) sell and deliver, &c., to Hedge & Co., the drove of hogs belonging to them, being six hundred and fifty hogs, more or less, and being at a certain place described—said Hedge & Co. to dispose of said hogs, and to pay · the amounts above secured to themselves and Foster, and the balance, if any, to be paid to C. S. Bissell, of Chicago, to whom we are indebted, for money ad-

vanced on purchase of hogs, in about the sum of fourteen thousand dollars, to secure whom, after said Hedge & Co. and Foster are paid, this bill of sale is made. Signed, Platt & Bailey, by James Platt, one of said firm."

Under the same date, (6th of February, 1856), another bill of sale was made, reciting that, whereas Platt & Bailey, as partners, and James Platt, individually, are indebted to Thos. Hedge & Co., in the sum of about fifteen thousand dollars, for money advanced on purchase of hogs, and also, to C. L. Bissell, of Chicago, in the sum of about fourteen thousand dollars, for the same consideration, and also, to Wright & Looser, in the sum of about four thousand dollars, for the same consideration; now, for the purpose of securing to said creditors the said several sums, we sell and convey, &c., to said Hedge & Co., all the hogs, pork, and personal property now in the possession of Schenck & Denise, belonging to the firm of P. & B., or to James Platt —said Hedge & Co. are, out of the proceeds of said property, to pay the amount due themselves, and the balance, if any, they are to pay to said Bissell, and to Wright & Looser. This is signed, "Platt & Bailey, by James Platt, one of said firm." "James Platt."

The plaintiff offered the above named James Platt as a witness, and proposed to show by him, that the amounts expressed in the above bills of sale, or assignments, were not the true and actual amounts due; that the sums named were "nominal;" that Platt & Bailey were not indebted in the amounts there specified; and that it was the understanding, at the time the bills were executed, that the amounts expressed were merely nominal, and the true amounts were to be ascertained in the future. The defendant objected to the witness so testifying, and the objection was sustained by the court. The plaintiff excepted, and now assigns this ruling as error.

The question is, whether such evidence is admissible in relation to the instruments. We need not discuss whether the consideration of an instrument may be inquired into—

Platt v. Hedge & Co.

nor when parol evidence is admissible in respect to written contracts.   These instruments are of such a nature, and expressed in such terms, that the rules alluded to, are not applicable.   They are not simply bills of sale, as termed by counsel, but they are assignments for the payment of creditors.   The property is not sold for a consideration, but placed in trust to pay debts.   In such a case, the amount of indebtedness is subject to be shown, unless the instrument clearly appears to settle it definitely; and even then, we will not now say whether error might not be shown.

But further, the terms of these instruments indicate undetermined amounts, and that those expressed, are an approximation only.   All of them are stated with the qualifying term, "about," prefixed.   The sale is to "secure" the amounts, "to-wit: the full amounts due thereon."   Out of the proceeds, Hedge & Co. "are to hold [sufficient] to pay the amount due themselves," meaning, clearly, the amount which may be found due.   Again, one of the creditors to a large amount, is stated to be of Chicago, and another of New York, whilst the transaction takes place in Iowa, which leads to a fair presumption that they could not then state the precise amount due.   Now, it appears very clearly from the terms of the papers, the nature of the transaction, and the circumstances alluded to, that the sums named, were an estimate only, or were nominal, as it is called by counsel; consequently, the amounts named are subject to evidence and explanation.

Another question is, whether J. Platt is a competent witness.   Whatever balance there might be in the hands of Hedge & Co., arising from the property assigned, after the payment of the debts, would belong to Platt & Bailey, and was assigned to the plaintiff; and the object of the testimony, probably, was to get at this balance.   Assuming the transfer from P. & B. to plaintiff to be *bona fide* and absolute, there would remain in P. & B. no interest in the demands assigned to B. C. Platt.   If, however, P. & B. assigned the claims against Hedge & Co., as, and for a certain sum, and

were under obligation to make up that sum, if they fell short of it, he might have such an interest, in that contingency, as to disqualify him. But nothing of this kind appears in the case. And, again : if Hedge & Co. pleaded a set-off, or cross claims, it might become then important to the witness to reduce them, in such manner as to render him interested. But upon looking at the matter of the answer, it will be perceived that it consists wholly of a defense to the claims of P. & B., and sets up no counter claims. Under these views, it is considered as error to have rejected the witness.

The foregoing matter comes within the bill of exceptions, number two, which seems, in some measure, introductory, or necessary to the understanding of number one. The bill number one is to the effect that the defendant offered to read in evidence an account and receipt of C. L. Bissell, which were admitted against the objection of plaintiff. This was an account of C. L. Bissell against, or with, James Platt, running from January 1, 1856, when a balance of former account was brought up to April 22, on the debtor side, and consisted, mainly, of charges for acceptances and advances, to the amount of $29,161 11 ; and the credit side, consisting principally of credits for drafts and hogs or pork, to the amount of $20,350 57; and showing a balance due Bissell of $8,-810 54. The receipt offered, is one purporting to be signed by said Bissell, dated Chicago, June 5, 1856, acknowledging the receipt of $4,268 60 from Hedge & Co., which he agreed to refund to them in case the decision of the court directed the balance due from them, on account of hogs of Platt & Bailey, or James Platt, to be paid to others than himself. This, the bill says, was allowed to be read, "with other evidence, but not as evidence *per se*." That the account was admitted, not by itself alone, but with other evidence, leads to some doubt whether it should not be permitted to remain as it is ; but yet it is difficult to see how Bissell's account against James Platt, could be made pertinent in this suit. It is as if Platt & Bailey sued the defendants,

Platt v. Hedge & Co.

and we are unable to perceive, even in view of all the relations here shown, how the account of Bissell against J. Platt, should become a subject of inquiry in this action, between the assignee of P. & B. against Hedge & Co., and we are disposed to hold that its rejection was correct. But the case seems different in regard to the receipt offered. This purports to arise from, or to be connected with, " the account of hogs of Platt & Bailey, or of James Platt." In so far as it relates to funds derived from the property, probably the assigned property, of P. & B., it would seem to be pertinent for Hedge & Co. to show the payment made to Bissell, who was one of the creditors for whose benefit the property was assigned. And further, as it was let in, in connection with other evidence, which is not made to appear, we are unable to say there was error.

The defendant also offered a letter, dated January 11, 1856, purporting to be from James Platt to Hedge & Co., in which he speaks of being disappointed in not being able to ship hogs which they had purchased for " us," and of the inability to pay them money advanced. He requests them to continue to raise the money, as they had been doing, and all costs should be paid. The terms used in the letter are such as to render it doubtful whether he writes the letter for himself alone, or for the firm of P. & B. If it relates to the business of the firm, it seems clear that it was admissible ; but if to his own merely, then it was not. It was admitted, in connection with other evidence, and this may have explained its object, and the subjects to which it referred. Thus regarded, it was properly suffered to go to the jury.

Upon the ground above mentioned, it is considered that there is error in the rendition of the said judgment, and the same is reversed, and a writ of *procedendo* will issue, with direction to proceed in a manner consistent with this opinion.

Reversed.