personal respon-
foreign port.
fs might have en-
ing, because it is
t when that pro-

and earnings of
ices and personal
by him while at
e successful pre-
not be doubted.
5 Wend. 315;
3 Mason, 255;
381. And this
gned by him so
he possessed by
udah v. Kemp,

tion before the
n against par-
right acquired
the vessel, an
which the
mined.
justify me in

ired can be
s short of ac-
be in effect,
t might be

d a receiver

the General

NEW YORK—AUGUST, 1860. 83

Butt v. Peck.

---

ROBERT McC. BUTT, *Receiver*, &c., v. EDWIN PECK, *Assignee*,
&c., *and* WILLIAM H. BLASHFORD, *and others*.

A direction to the assignee in an assignment for the benefit of creditors, to pay
first all the just and reasonable expenses, costs and charges, and commis-
sions of executing and carrying into effect the assignment, " and all reason-
able and proper charges for attorney and counsel fees respecting the same,"—
does not render the assignment void. [The case distinguished from
*Dunham* v. *Waterman*, 17 N. Y. 9.]

The assignment directed the assignee to pay all debts due or to grow due, re-
ferred to in Schedule A. The schedule contains the names of two creditors
with words, " amount due him for services," annexed, but omitted to state
the amounts due to them,—*Held*, that the omission to specify the amounts of
the debts in the schedule, did not avoid the assignment.

The words " debts to grow due," although objectionable, may be understood
to mean claims which have not matured, but which are capable of being
readily understood.

APPEAL by the plaintiff from a judgment dismissing the com-
plaint on the trial.

This action was brought by the plaintiff, as receiver of the

Butt v. Peck.

defendants, Blashford, Clark, and Hall,. appointed in supplementary proceedings at the instance of certain creditors, to set aside an assignment made by Blashford, Clark, and Hall, for the benefit of their creditors.

The parties having rested, the cause was submitted to the judge (BRADY, J.) who found as a conclusion of law, that the assignment, and all the trusts and provisions therein contained were good and valid. The reasons for his decision are given in the following opinion.

BRADY, J.—The provision in the assignment by the defendants in this case directing the assignee first to pay all the just and reasonable expenses, costs, and charges, and commissions of executing and carrying into effect the assignment, " and all reasonable and proper charges for attorney and counsel fees respecting the same," does not render the assignment void; the expenses of the trust are usually provided for by the assignment, and when they are not, the assignee is authorized to retain out of the moneys that come into his hands enough to pay them. *Noyes* v. *Blakeman*, 3 Sand. S. C. 531; *Clark* v. *Hoyt*, 8 Iredell Equity, 222; *Egbert* v. *Brooks*, 3 Harrington (Del.), 110; Hill on Trustees, 570; Lewin on Trusts, 450; *Webb* v. *Shaftesbury*, 7 Vesey, 480; *Brocksopp* v. *Barnes*, 5 Mad. Ch. Rep., 90. And the fees of the counsel for services in suits, or for advice in the general management of the trust are properly embraced in the item of expenses. *Fearns* v. *Young*, 10 East, 184; *Jones* v. *Stockett*, 2 Bland., 417; *Noyes* v. *Blakeman*, supra. An assignee may in most cases screen himself against mistake, or where he is in doubt as to the line of his duty, by taking the advice of counsel, and for reasonable fees for such advice he will be allowed in his account. *Jones* v. *Stockett*, 2 Bland., 409. The protection of the assigned estate may often render it necessary to consult and to employ counsel, and the sums paid in such cases should be allowed to a reasonable extent, in all cases where it appears that any necessity induced such consultation or employment, or that circumstances existed which justified the expenditure. The compensation of assignees is limited, and the courts have not yet declared that they should appropriate it to the payment of expenses necessarily incurred in the discharge of their duty.

Butt v. Peck.

An assignee cannot, it is true, charge counsel fees for services rendered in that capacity by himself, and it is also true, that a provision thereto would render the assignment void. *Nichols v. McEwen*, 21 Barbour S. C. Rep. 65. It was said on the trial of this case that *Nichols v. McEwen* applied to all cases where the assignment provided for counsel fees, but such is not the fact; the decision rests upon the facts that the assignee was a counsellor-at-law, and that the allowance of counsel fees was made to him by the language of the assignment. (See opinion of Justice Denio, in Court of Appeals on the affirmance of the judgment of the Supreme Court.) The provision, therefore, in the assignment of the defendants is in fact a direction to the assignee to employ a right, recognized and enforced in courts of justice, viz.: To deduct reasonable and proper charges paid for attorney and counsel fees, respecting his trust. (See Statute of 1858, chap. 314, extending powers of assignees.)

It is also said, that the assignment is void, because it provides for the payment of a debt, the amount of which is left blank in the schedule. The debt is thus stated: "William Fullerton, amount due for services and counsel fees." I cannot discover on what principle such an omission as here complained of should vitiate an assignment. The exact sum is not stated, it is true, but the direction is to pay the sum due, whatever it may be, and it is capable of being ascertained without difficulty. In *Hawley v. Wall*, 1 B. & A., 103, it appeared that the plaintiff signed a composition deed, but did not put the amount of his debt opposite his name at the time of his execution of the deed. He desired the person who presented it to come the next day; on the next day he refused to state the amount, and to be bound by the agreement. Lord Ellenborough held, that the deed being executed in blank, it was executed for the amount of plaintiff's debt, whatever it might be. This principle applied to the case in hand, makes the provision good.

The preference was for the amount due, and though that amount might be the subject of difference on the settlement of the accounts of the assignee, it cannot reasonably be regarded as furnishing a fatal objection to the validity of the assignment. I think the proposition for these reasons untenable. It was also said that the reservation by the assignors of any surplus ren-

dered the assignment void. The provision in this respect secures
the surplus after the payment of all the debts of the assignors
in full, and if no such reservation were made, it would follow
as matter of law. After the payment of all the debts of the
assignors, the surplus belonged to them, and should be handed
over as matter of course; but if the assignment only relates in
this respect to the copartnership debts of the assignors, it is
not necessarily fraudulent as to individual creditors of the dif-
ferent members of the firm. *Bogart* v. *Haylet*, 9 Paige, 296.
The appropriation of the whole of the copartnership property
to the payment of the joint debts seems to be a proper and
equitable disposition of it. The defendants are entitled to judg-
ment.

The defendants then appealed to the general term.


*C. Bainbridge Smith*, for appellant.

*Shea & Richardson*, and *Joshua M. Van Cott*, for respon-
dents.


BY THE COURT.—BRADY, J.—I adhere to the opinion
expressed at special term in relation to that clause of the
assignment which provides for the payment by the assignee of
the just and reasonable expenses, costs, and charges, and com-
missions of executing and carrying into effect the assignment,
and all reasonable and proper charges for attorney and counsel
fees respecting the same. I deem it proper to say, in addition,
that the case of *Dunham* v. *Waterman*, 17 N. Y. Rep. 9, was not
published when that opinion was written, and that I consider
this distinguishable from that case. The assignees of Waterman
were authorized to pay any such sum or sums of money, as
they might find proper and expedient, in and about the man-
agement of the assigned estate, or payment of the hands em-
ployed, or to be employed in or about the same, or in the bus-
iness of completing the manufacture of any of the said prop-
erty, or fitting the same for sale, or of working up materials,
&c., so as to realize the greatest possible amount of money
therefrom, as in the judgment of the said assignees should
seem most advisable, and it was said of that provision, that it
vested in the assignees a discretionary power, the exercise of

Butt v. Peck.

which could not be interfered with except for fraud or want of good faith on the part of the assignees. No discretionary power is given to the assignee in this case. He is directed to pay charges and expenses which have been recognized and allowed in similar trusts, it being a condition precedent to such payment however, that the expenses shall be reasonable and proper, and as they are to be reasonable and proper, they are subjected to the scrutiny of the courts of justice, and not alone to the judgment and discretion of the assignee. In *Dunham* v. *Waterman* the assignees were granted authority to deal, to some extent at least, with the assigned estate as if it were their own, and the discretion as to the manufacturing was one absolutely conferred, and over which, in the absence of fraud or want of good faith, the Court could exercise no power. The discretion was unusual, and in contravention of well settled principles. Not so however the discretion to pay expenses and counsel fees which were always incidental to, and formed a part of, the trust. When the assignor directed and authorized the assignee to manufacture, he authorized an act which would lead to delay, and which had never been tolerated by the courts, although upon a proper application, the assignment being silent on the subject, the courts might permit the assignee to convert material of the estate, as suggested in *Dunham* v. *Waterman.*

In this case no rule of law was contravened. No application for leave to pay expenses would be necessary. The amounts disbursed by the assignee in that respect would be matters of accounting, and therefore, when the assignors directed the assignee to pay such expenses and charges, they merely declared a right incidental to assignments settled and established by precedent, practice and authority. This position does not, therefore, "overlook the distinction between a duty imposed by law, and a power conferred by an individual."

I do not agree either to the proposition that the clause in the assignment which relates to schedule " A.," makes the assignment void. I think the objectionable language, " *debts to grow due*" used therein, must be understood to mean claims that have matured, and resting either on notes, bonds, or other obligations, or upon credits which had not expired, and which were easily and readily capable of being ascertained. In other words it is a direction to pay Child and Fullerton their claims against

---

---

assignors, existing at the time of the assignment, and not to pay them for services to be subsequently rendered, either to the assignee, or to the assignors. The assignee had already been authorized to pay all reasonable and proper charges, for attorney and counsel fees respecting the assignment. He was not directed to employ either Child or Fullerton, and the counsel not being named by the assignors, could be selected by. the assignee at pleasure. That this view is correct appears to me conclusively from the schedule "A," in which, although the amounts are left blank, the direction is to pay, "Asa Child, amount *due him* for services, counsel fee and costs," and "William Fullerton, amount *due him for services performed.*" I see nothing in this feature of the assignment which would prevent the courts from interfering with the assignee. It is very clear that the amounts left in blank could be easily ascertained, and that if the creditors, Messrs. Child and Fullerton, refused or neglected to furnish them, the assignee could not for that reason be arrested in the performance of his trust. Those creditors would have to take the responsibility of refusing, or neglecting to present their claims upon a proper application by the assignee. I think for these reasons, that the judgment should be affirmed. I agree with Judge HILTON in the general views expressed by him as to the result of the cases and the policy of the law, but I think the assignors in this case have not encountered any of the principles which have been fatally applied to assignments.

DALY, F. J.—I agree with Judge BRADY, that there is nothing in this assignment that would warrant us in declaring it fraudulent and void. There is nothing in the provisions relied upon as having that effect, that would bring them within the reasons laid down by the Court of Appeals for their judgment in *Nicholson* v. *Leavitt*, and *Dunham* v. *Waterman.*

HILTON, J., dissented.

Judgment affirmed.