*In re* SANTA EULALIA SILVER MIN. CO.

(*Supreme Court, Special Term, New York County.*   June 18, 1888.)

1. CORPORATIONS—DISSOLUTION—WHO MAY BE TRUSTEES—EXECUTORS.

One holding corporate stock as executor may become at least a *de facto* trustee of the corporation, and as such join in a petition for its dissolution.

2. SAME—INCOMPLETE INVENTORY—ABSENCE OF MALA FIDES.

An inventory of corporate property accompanying a petition for dissolution, which, though not as full as required by statute, omits nothing fraudulently or in bad faith, gives the court jurisdiction.

3. SAME—OMISSION IN SCHEDULE—REPORT OF REFEREE—FINAL ORDER.

Where a referee's report on a petition for dissolution of a corporation enumerates more books of the corporation than are contained in the schedule annexed to the petition, the discrepancy is not ground for refusing final order, the trustees having made the schedule in good faith.

At chambers.   Petition for dissolution of corporation.   Motion to confirm referee's report, etc.

*Arnold & Green,* for the motion.   *Frederick A. Ward* and *A. Bell Malcomson, Jr.,* opposed.

LAWRENCE, J.   This is a proceeding for the voluntary dissolution of the Santa Eulalia Silver Mining Company, taken under the provisions of title 11, c. 17, Code Civil Proc.   Upon a petition purporting to be verified by a majority of the trustees, with schedules annexed, an order of reference was on the 13th of September last made to Peter B. Olney, Esq., requiring all persons interested in the corporation to show cause before him on the 17th of December, 1887, why the said corporation should not be dissolved, and the order appears to have been entered, published, and served, as required by sections 2423–2425 of the Code.   The referee, after having taken the proofs of the parties, and heard their allegations, has filed his report, in and by which he has determined that the said corporation is largely in debt, and is insolvent, and not able, in the ordinary course of its business, to meet its indebtedness; and also that it is for the interest of the stockholders and creditors of said corporation that it should be dissolved, and its property and assets sold by a receiver.   A motion is now made, under section 2429 of the Code, for a final order dissolving the corporation and the appointment of a receiver. That section provides that if, upon such application, it appears to the court, in a case specified in section 2419 of this act, that the corporation is insolvent, or in a case specified either in that section or in section 2420 of this act, that for any reason a dissolution of the corporation will be beneficial to the interest of the stockholders, and not injurious to the public interests, the court must make a final order dissolving the corporation, and appointing one or more receivers of its property.   As already stated, the referee has in substance found that this is a case in which the corporation is insolvent, and that it will be beneficial to the interests of the stockholders that it should be dissolved; and he has also found that a majority of the trustees have united in the petition herein, thus bringing the case within the provisions of section 2419 of the Code, above referred to.   It also appears, from said report, that at the meeting of the stockholders at which the resolution that steps be taken for a voluntary dissolution of the corporation was passed, there were present in person or by proxy stockholders holding 100,028 shares of stock, and that said resolution was adopted by a vote of 97,328 shares in favor of the same, to 2,700 shares against it, and that Mr. Helfenstein, who, it appears, represents 16,000 out of 16,890 shares whose owners now oppose the confirmation of the referee's report and the making of a final order, voted in favor of said resolution.   Various objections are now taken to the making of the final order.   It is said, in the first place, that the conclusions of the referee that the corporation is insolvent, and that its property is not sufficient to satisfy all just de-

mands for which it is liable, or to afford a reasonable security to those who may deal with it, are unsustained by the evidence, and opposed to all the testimony in the case, etc. In regard to this objection, I deem it sufficient to say that the conclusion of the referee as to the insolvency of the corporation was evidently reached after a most full and thorough examination of the testimony, and that I find nothing in that testimony which compels me to hold that his finding upon that question of fact should not be supported and sustained by the court.

It is said, in the next place, that, this being a statutory proceeding in derogation of common-law rights, the provisions of the statute must be strictly pursued and strictly complied with; and it is contended that the petitioners have not complied with the requirements of the statute, in that the petition is not subscribed and verified by a majority of the trustees, as required by sections 2419, 2422, of the Code. There were seven trustees of the corporation, and the petition is signed and verified by four of them; but it is alleged that Mr. Fargo was not individually a stockholder when he was elected a trustee, nor when he verified the petition, and that he did not become such stockholder until long after these proceedings had been commenced, when 100 shares of stock had been transferred to him, to-wit, on the 12th of January, 1888. Fargo, however, was the holder of certain stock in this company, as an executor, at the time of his election as such trustee, and as such all the rights appertaining to the ownership of stock were vested in him. *In re Ferry Co.*, 63 Barb. 556. One of those rights was eligibility to the office of trustee. See cases cited in opinion of GILBERT, J., in *Case of Ferry Co.*, *supra*. See, also, *Schmittler* v. *Simon*, 101 N. Y. 554, 5 N. E. Rep. 452; *Ferrin* v. *Myrick*, 41 N. Y. 315. I am not prepared to say, therefore, that the election of Fargo as trustee was not perfectly legal. Even if it was not legal, it was not void, but voidable, and he was a *de facto* trustee at the time these proceedings were commenced, and at the time he signed and verified the petition. It is also said that the petition herein does not contain a full, just, and true inventory of all the property of the corporation. Even if the inventory was not as full as required by the statute, there is nothing in the case which in my opinion justifies the conclusion that anything was omitted from the inventory fraudulently or in bad faith, and enough, certainly, was stated to give the court jurisdiction. See *Shultz* v. *Hoagland*, 85 N. Y. 473; *Butt* v. *Peck*, 1 Daly, 83; *Devlin* v. *Cooper*, 20 Hun, 188. It is also said that the schedule annexed to petition does not specify all the books, vouchers, and securities of the corporation. The referee, by his nineteenth finding of fact, distinctly finds that the statement therein contained is a statement of all the books, vouchers, and securities of the corporation. The only difference which I have been able to discover between the statement in the nineteenth finding of fact and the schedule annexed to the petition is that the referee enumerates a few more books than are specified in the schedule. This discrepancy does not seem to me to be material. If material, it is not so far jurisdictional as to deprive this court of its jurisdiction, and, as I discover no ground for doubting the good faith of the trustees in making the schedule, the discrepancy should not, in my opinion, be entertained as a ground for refusing to make a final order. The report of the referee must therefore be confirmed, and a final order for the dissolution of the corporation and the appointment of a receiver will be made, as required by section 2429 of the Code.